United States District Court
Southern District of Texas
**ENTERED**
September 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § § § § § | CIVIL ACTION NO. 4:20-cv-01968 |
| Appellant, | | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| RODNEY JOHNSON SR, Appellee. | § § § | |

OPINION AND ORDER
AFFIRMING THE JUDGMENT OF THE BANKRUPTCY COURT

Appellant PHH Mortgage Corporation appeals from an order of the United States Bankruptcy Court allowing the sale of a residential property free and clear under 11 USC § 363(f), upon finding that it would satisfy all estate debts. Dkt 6. The decision of the bankruptcy court is affirmed.

1.  Background

Appellee Rodney Johnson, Sr is the Chapter 13 debtor in the underlying bankruptcy proceeding. He owns a residential property located along the Brays Bayou one mile southwest of the University of Houston. His mortgage was originally with GreenPoint Mortgage Funding, Inc. GreenPoint later assigned the deed of trust to PHH. See ROA 663–91 (deed of trust).

Johnson subsequently defaulted on the mortgage. He filed a voluntary Chapter 13 bankruptcy petition in August 2019 after the property was set for a foreclosure sale. See ROA 15–109. PHH filed a proof of claim on October 15, 2019, asserting a total amount owed of $412,825.11. See ROA 654–58. The proof of claim noted that a debt for that amount was secured by the subject property. PHH purported to reserve a right to amend its proof of claim. ROA 658.

Johnson filed a Chapter 13 plan on October 24, 2019. ROA 114–27. He proposed to pay all his debts in full over the life of the plan, including that owed to PHH. The plan listed the market value of the property as $1,000,000. And it listed the debt to PHH as $412,825.11—the same amount PHH asserted in its proof of claim. ROA 121.

Johnson filed an amended plan on December 2, 2019 that proposed to fully pay PHH's claim from the proceeds of a sale of the subject property. ROA 160–77. He also that day filed an emergency motion under 11 USC § 363(f) requesting permission to sell the real property free and clear of liens, claims, and encumbrances. ROA 141–44. He explained that he had received an offer of $550,000 for the property from Troy L. Marsaw. ROA 146–57 (sales contract). This sum, Johnson explained, would allow him to repay PHH the amount stated in its proof of claim, as well as all other creditors.

No party objected to the emergency motion, which the bankruptcy court granted on December 3, 2019. ROA 178. PHH also stated no objection to the plan. The bankruptcy court confirmed the plan on December 27, 2019. ROA 179.

Johnson then requested a payoff statement from PHH in order to close the sale. But PHH filed an amended proof of claim on January 20, 2020, this time asserting an amount owed of $939,465.80. ROA 729–50. Johnson objected to the amended claim and moved a second time under Section 363(f) to sell the property free and clear on an emergency basis. ROA 180–83, 187–96. This time, PHH objected, generally asserting that the sale constituted bad faith and improper self-dealing based on a scheme between Johnson and Marsaw. ROA 215–20.

The bankruptcy court heard argument on the motion to sell on March 13, 2020. ROA 1065–1108. PHH primarily contended that the motion should be denied because—contrary to Johnson's assertions—the sale wouldn't satisfy all estate debts. This contention was based on the proposed sale yielding $600,000 (well below the listed market value of $1,000,000), where its amended claim (if allowed) was for $939,465.80. See ROA 121 (property value), 1101–02 (bankruptcy court noting sale to be below market value), 934–36 (PHH argument

2

on amended claim). PHH also argued that the proposed sale of the property to Marsaw constituted a sale to an insider. ROA 1086–87.

The bankruptcy court excluded certain exhibits offered by PHH that purported to show Johnson's relationship with Marsaw. It also didn't allow PHH to question Johnson and Marsaw about their relationship. ROA 1085–88, 1100–01. The bankruptcy court explained that the prohibition on self-dealing doesn't apply if all debts are to be paid in full, while also determining that any evidence of self-dealing was relevant only if the amended proof of claim was allowed. ROA 1086–88. And it set further hearing on whether to allow the amendment. ROA 1101–04.

That later hearing took place on April 27, 2020. ROA 1024–64. The amended proof of claim on its face didn't disclose that any payments had been made over the course of the loan or after default, nor was there any other information such as accrued interest claimed to be due. ROA 729–45. Johnson called PHH's designated corporate representative to testify as to the preparation and filing of the amended proof of claim. ROA 1030. Questioning concerned whether the figure listed in the amended claim accounted for mortgage payments PHH received from 2009 to 2019. In short, it didn't. ROA 1038–40, 1050–54. PHH's corporate representative also testified that PHH had in fact received payments during that period. ROA 1050.

The bankruptcy court disallowed the amended proof of claim, explaining that the failure to account for such payments meant that it was "palpably false." ROA 1059, 1062–63. The bankruptcy court concluded by stating, "I got a motion to allow you to amend the proof of claim to something that is false. That's despicable. It's denied. The motion to sell is approved." ROA 1063.

PHH timely appealed. Dkt 1.

2. Legal standard

Federal district courts have jurisdiction to hear appeals from final judgments or orders of the bankruptcy courts. 28 USC § 158(a)(1). A district court functions as an appellate court when reviewing the decision of a bankruptcy court as to a core

proceeding, and so applies the same standard of review as would a federal appellate court. See *In re Webb*, 954 F2d 1102, 1103–04 (5th Cir 1992). Findings of fact are thus reviewed for clear error, while conclusions of law and mixed questions of fact and law are reviewed *de novo*. *In re Seven Seas Petroleum Inc*, 522 F3d 575, 583 (5th Cir 2008); see also Fed R Bankr P 8013. But matters within the discretion of a bankruptcy court are reviewed only for abuse of discretion. *In re Gandy*, 299 F3d 489, 494 (5th Cir 2002).

A bankruptcy court abuses its discretion when it applies an improper legal standard or bases its decision on clearly erroneous findings of fact. *In re Crager*, 691 F3d 671, 675 (5th Cir 2012). And on review of purported abuse of discretion, the district court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon" by the bankruptcy court. *In re Green Hills Development Co*, 741 F3d 651, 656 & n 17 (5th Cir 2014) (citations omitted).

Whether to allow a claimant to file an amended proof of claim is a decision within the discretion of the bankruptcy court. *In re Kolstad*, 928 F2d 171, 175 (5th Cir 1991). So is a decision by the bankruptcy court to exclude evidence at hearing. *In re Repine*, 536 F3d 512, 518 (5th Cir 2008).

3.   Analysis

PHH raises four issues on appeal:

o   *First,* whether the bankruptcy court applied an incorrect standard for consideration of Johnson's motion to sell;

o   *Second,* whether the bankruptcy court applied an incorrect standard for consideration of Johnson's objection to the amended proof of claim;

o   *Third,* whether the bankruptcy court properly declined to allow PHH to question Johnson and Marsaw about certain aspects of their relationship and history of transactions; and

o   *Fourth,* whether the bankruptcy court properly excluded or denied consideration of evidence concerning certain aspects of the relationship and

> history of transactions between Johnson and Marsaw.

Dkt 6 at 13–16.

Answering two questions resolves all four of these issues.

Was the bankruptcy court within its discretion to deny PHH leave to amend its proof of claim? It was—and that answer resolves the second issue above.

Does Section 363 of the Bankruptcy Code prohibit self-dealing if the proposed transaction will satisfy all debts of the estate? It doesn't—and given that the bankruptcy court permissibly disallowed the amended claim, that answer resolves the first, third, and fourth issues above.

a.   Amended proof of claim

Was the bankruptcy court within its discretion to deny PHH leave to amend its proof of claim?

Federal Rule of Bankruptcy Procedure 7015 pertains to amended and supplemental pleadings and states that Rule 15 of the Federal Rules of Civil Procedure "applies in adversary proceedings." And so the standard for whether to allow an amended proof of claim is the same as that for whether to allow, for instance, an amended complaint. *Matter of Schwager*, 121 F3d 177, 186 (5th Cir 1997). Courts thus consider various equitable factors when determining whether to allow an amended claim, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and the futility of the amendment. See *In re iHeartMedia Inc*, 2019 WL 1590546, *3 (Bankr SD Tex) (citations omitted); see also *Torch Liquidating Trust v Stockstill*, 561 F3d 377, 391 (5th Cir 2009) (citation omitted) (stating same factors as to Rule 15).

As to *futility*, an amended proof of claim is futile if it doesn't comply with applicable law. A proof of claim must at a minimum follow Federal Rule of Bankruptcy Procedure 3001(a), which provides that a proof of claim must "conform substantially to the appropriate Official Form." Official Form 10 in turn requires that a proof of claim consist of "(1) a creditor's name and address, (2) basis for claim, (3) date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents." See *In re*

5

*Armstrong*, 320 BR 97, 103–04 (Bankr ND Tex 2005). The burden is on the creditor to provide a sufficient proof of claim and supporting evidence. See *In re North Bay General Hospital*, 404 BR 443, 464 (Bankr SD Tex 2009) (citations omitted). And the supporting documents must also substantiate the amount of the debt claimed. See *In re DePugh*, 409 BR 84, 107–08 (Bankr SD Tex 2009); *In re Armstrong*, 320 BR at 105–06.

As to proofs of claim for mortgage claims in particular, bankruptcy courts typically require a loan history detailing payments made by the debtor. For example, see *In re Bryant*, 600 BR 533, 537 (Bankr ND Tex 2019); *In re Armistead*, 2012 WL 3202964, *1 (Bankr SD Tex). As one bankruptcy court explains, "A complete and accurate payment history is critical to substantiate the amount of a mortgage creditor's claim." *In re Bowen*, 619 BR 135, 139 (Bankr D SC 2020).

It appeared at the April 27th hearing that the amended proof of claim proposed by PHH asserted a total amount owed as if no mortgage payments had been made from 2009 to 2019. ROA 729–45 (amended claim), 1057–63 (hearing transcript). But the PHH corporate representative directly confirmed on questioning by the bankruptcy court that payments had indeed been received during this time. ROA 1050. That concession meant that the debt asserted in the amended claim was (at the very least) inaccurate. Indeed, the bankruptcy court found it to be "palpably false" and denied leave to make the amendment on that basis. ROA 1062.

That conclusion flowed directly from evidence and testimony before the bankruptcy court. It was thus within its discretion to disallow the amended proof of claim. No abuse of discretion appears concerning PPH's second issue on appeal.

b.   Purported self-dealing

Does Section 363 of the Bankruptcy Code prohibit self-dealing if the proposed transaction will satisfy all debts of the estate?

"Section 363 of the Bankruptcy Code governs the sale, use, or lease of property of the estate, allowing the trustee to sell 'property of the estate,' other than in the ordinary course of business." *Matter of VCR I LLC*, 922 F3d 323, 326 (5th Cir 2019),

6

quoting *In re Moore*, 608 F3d 253, 257 (5th Cir 2010). Such a sale "requires notice and a hearing and is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons." *Matter of VCR I LLC*, 922 F3d 323, 326 (5th Cir 2019), quoting *In re Moore*, 608 F3d 253, 263 (5th Cir 2010), in turn citing *In re Continental Air Lines Inc*, 780 F2d 1223, 1226 (5th Cir 1986). And a property may be sold free and clear of all other interests under Section 363(f) if five enumerated conditions are met—none of which PHH challenges on appeal. See *In re Continental Air Lines*, 780 F2d at 1226.

PHH nonetheless asserts that a "decision to sell Property under Section 363 must not be based on self-interest or self-dealing and must be in good faith"—even if the proposed sale would satisfy all estate debts. Dkt 6 at 13. It cites in support only *In re Southern Manufacturing Group LLC*, 2016 WL 3344787 (Bankr D SC). But the court there—in a context where "all parties with an interest in the Assets have consented to the sale"—observed only generally the noncontroversial proposition that the sale decision mustn't be compromised by "self interest or self dealing." Id at *2. Such statement plainly wasn't a holding applicable to the issue at hand. And no decision of the Fifth Circuit or any of its district or bankruptcy courts appears to support the proposition that a creditor may object to a sale of property free and clear on the basis of self-dealing where the proposed sale will satisfy all estate debts. There also appears to be no decision (including *In re Southern Manufacturing*) overturning such a sale because of self-dealing where that sale satisfied all estate debts.

The reason seems obvious enough. The central concern is that any such sale be in the "best interest" of the estate. See *In re ASARCO LLC*, 650 F3d 593, 603 (5th Cir 2011). And the "payment of all claims is the quintessential definition of what is in the best interest of any bankruptcy estate." *In re 9 Houston LLC*, 578 BR 600, 611 (Bankr SD Tex 2017), citing *In re Sasso*, 572 BR 331, 338 (Bankr D NM 2017). A transaction that will pay all claims is thus necessarily one based on good business judgment. An assertion of self-dealing of the sort presented here is beside

7

the point. The inquiry is, in some ways, akin to the injury-in-fact component of the constitutional-standing analysis. For example, see *Lujan v Defenders of Wildlife*, 504 US 555, 563–64 (1992). Or better, perhaps, in sporting terms—*no harm, no foul*. And clearly, PHH isn't considered injured here (and so has no basis to object to the proposed sale) unless its amended claim is allowed.

It has already been determined that the bankruptcy court was within its discretion to disallow the amended proof of claim. This means that the bankruptcy court was also well within its discretion to allow the sale, to not allow PHH to question Johnson and Marsaw on their relationship, and to exclude PHH's evidence on that relationship.

The bankruptcy court was within its discretion concerning PPH's first, third, and fourth issues on appeal.

4.   Conclusion

The appeal by PHH Mortgage Corporation has been fully considered on review of the record in light of governing authority. Dkt 6. The bankruptcy court didn't abuse its discretion as to the challenged order allowing sale of the subject property.

The judgment of the bankruptcy court is AFFIRMED.

SO ORDERED.

Signed on September 23, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

8